JOHN L. BURRIS, Esq. (SBN 69888)
DeWITT M. LACY, Esq. (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
T: (510) 839-5200
F: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MONTELONGO, an individual; VICTORIA MONTELONGO, an individual; THERESA LOZANO, an individual; J.M., a minor, by and through his Guardian Ad Litem, RUBY MORALES; E.M., a minor, by and through his Guardian Ad Litem, RUBY MORALES; ALE. M., a minor by and through her Guardian Ad Litem, ADOLFO GONZALEZ; ALI. M., a minor by and through her Guardian Ad Litem, ADOLFO GONZALEZ; ALA. M., a minor by and through her Guardian Ad Litem, ADOLFO GONZALEZ;<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>The CITY OF MODESTO, a municipal corporation; DAVE WALLACE, individually and in his capacity as an officer for the CITY OF MODESTO Police Department; and DOES 1-25,<br><br>　　　　　　　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

1

## INTRODUCTION

1. These claims arise out of the unjustified use of deadly force on JESSE MONTELONGO and the physical assault and wrongful seizure and detention of VICTORIA MONTELONGO, THERESA LOZANO, J.M., E.M., ALE. M., ALI. M., and ALA. M., by CITY OF MODESTO Police Officers DAVE WALLACE, and DOES 1 through 25 on October 17, 2014. CITY OF MODESTO POLICE OFFICER DAVE WALLACE used unreasonable deadly force on JESSE MONTELONGO when he shot JESSE MONTELONGO while he was standing inside of his home on October 17, 2014. Additionally, CITY OF MODESTO Police Officers DAVE WALLACE and DOES 1 through 25 wrongfully seized and detained VICTORIA MONTELONGO, THERESA LOZANO, THERESA LOZANO, J.M., E.M., ALE. M., ALI. M., and ALA. M. at gunpoint by WALLACE and DOES 1 through 25.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Modesto, Stanislaus County, California, which is within this judicial district.

## PARTIES

3. At all times mentioned herein, JESSE MONTELONGO, (hereinafter "J. Montelongo"), has been and is a resident of Modesto, California, and is a United States Citizen.

4. At all times mentioned herein, VICTORIA MONTELONGO, (hereinafter "V. Montelongo"), has been and is a resident of Modesto, California, and is a United States Citizen.

5. At all times mentioned herein, THERESA LOZANO, (hereinafter "Lozano"), has been and is a resident of Modesto, California, and is a United States Citizen.

6. Minor J.M., (hereinafter "J.M."), at all times herein mentioned is a United States citizen. He appears by and through his Guardian Ad Litem, RUBY MORALES, a competent adult and United States Citizen in this action. At all times mentioned herein, J.M., has been and is a resident of Modesto, California, and is a United States Citizen.

7. Minor E.M., (hereinafter "E.M."), at all times herein mentioned is a United States citizen. He appears by and through his Guardian Ad Litem, RUBY MORALES, a competent adult

and United States Citizen in this action. At all times mentioned herein, E.M., has been and is a resident of Modesto, California, and is a United States Citizen.

8. Minor Plaintiff Ale. M., (hereinafter "Ale. M."), at all times herein mentioned is a United States citizen. She appears by and through her Guardian Ad Litem, ADOLFO GONZALEZ, a competent adult and United States Citizen in this action. At all times mentioned herein, Ale. M., has been and is a resident of Modesto, California, and is a United States Citizen.

9. Minor Ala. M., (hereinafter "Ala. M."), at all times herein mentioned is a United States citizen. She appears by and through her Guardian Ad Litem, ADOLFO GONZALEZ, a competent adult and United States Citizen in this action. At all times mentioned herein, Ala. M., has been and is a resident of Modesto, California, and is a United States Citizen.

10. Minor Ali. M., (hereinafter "Ali. M."), at all times herein mentioned is a United States citizen. She appears by and through her Guardian Ad Litem, ADOLFO GONZALEZ, a competent adult and United States Citizen in this action. At all times mentioned herein, Ali. M., has been and is a resident of Modesto, California, and is a United States Citizen.

11. Defendant CITY of MODESTO (hereinafter "CITY") is and at all times herein mentioned is a municipality entity duly organized and existing under the laws of the State of California.

12. At all times mentioned herein, Defendant, DAVE WALLACE, (hereinafter "WALLACE"), was a police officer for the City of Modesto Police Department, and is sued individually and in his official capacity.

13. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrests and/or unlawful use of force. Each DOE defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

14. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the City of Modesto.

15. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

16. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

17. For causes of action arising pursuant to statutes of the State of California related to federal claims, Plaintiff is required to comply with an administrative claim requirement under California law.  Plaintiff has complied with all applicable requirements

**FACTS**

18. On October 17, 2014, just after midnight, Plaintiff J. Montelongo returned to his mother, Lozano's, home located at 528 Milo Road, in Modesto, California.  His children, Plaintiffs E.M. and J.M. were present in the home sleeping in a guest bedroom of the residence.  J. Montelongo's sister, V. Montelongo, and her children, Plaintiffs Ale. M., Ali. M., and Ala. M., were also present.

19. Soon thereafter, J. Montelongo began arguing with Lozano. After a verbal exchange, Lozano threatened to call local law enforcement if J. Montelongo did not either calm down or leave the house.

20. Lozano actually dialed 911 but hung up the phone without giving the emergency dispatcher a thorough explanation of the circumstances that led to the call because J. Montelongo calmed down and the verbal dispute ended.

21. A short time later, V. Montelongo left Lozano's home with her fiancé, for a short trip out of town.  Her children, Ale. M., Ali. M., and Ala. M., remained at the home in the care of their grandmother, Lozano.  V. Montelongo's daughters Ali. M. and Ale. M. slept in the front room area on an inflatable mattress, while her youngest daughter slept in her grandmother's room.

22. Before V. Montelongo left town she made certain the argument between Lozano and J. Montelongo was over by standing outside Lozano's window listening to a conversation between Lozano and J. Montelongo.  V. Montelongo overheard a sincere and heartfelt conversation between the two and decided everything was okay and she could leave.

23. Soon thereafter, two CITY police officers, one of which was Defendant Wallace, contacted V. Montelongo as she walked away from her mother's residence.  V. Montelongo explained

the circumstances of the 911 call to the officers and let them know everything had calmed down and there was no need for them to investigate further.

24. The officers explained to V. Montelongo that they had to conduct a wellness check because there was a call made to 911. The officers requested that V. Montelongo remain where she was at the end of the driveway with one officer while the other checked the residence.

25. Soon thereafter, the officer that remained with V. Montelongo heard something over his radio that caused him to leave the driveway and approach the house at a quick paced jog. V. Montelongo followed behind the officer.

26. Defendant WALLACE had contacted J. Montelongo at the front door of the residence and began to question him. J. Montelongo remained inside the home and spoke to Defendant WALLACE from a partially opened front door.

27. Defendant WALLACE asked if J. Montelongo would step outside and speak to the officers in the small yard approximately five (5) feet away from the front door. J. Montelongo declined the offer, demanded the officers leave, and tossed a beer can he was holding out of the front door and onto a broad walkway between the front door and the small yard Defendant WALLACE was standing in.

28. Immediately thereafter, J. Montelongo began to close the front door while simultaneously the other officer withdrew his gun and began pointing it at a window on the side of house.

29. V. Montelongo heard an officer exclaim, "Shots fired!" Meanwhile, Defendant WALLACE had wedged his foot in between the front door to keep it from closing. Soon thereafter, Defendant WALLACE inexplicably removed his gun from its holster and fired a single shot through the door jam and into J. Montelongo's midsection.

30. As J. Montelongo stumbled backwards from the shot, Plaintiff Ale. M. dove over her younger sister, Plaintiff Ali. M., to prevent her younger sister from being struck by the gunfire. Plaintiffs E.M and J.M. came out of the guest room to witness their father stumble and collapse onto the kitchen floor while exclaiming, "They shot me."

31. Lozano witnessed one of the officers grab E.M. and J.M. by their shirt collars and shout, "You people just don't know how to listen to what I say!" Ala. M. remained in her grandmother's room crying while she hid under blankets.

32. Defendant WALLACE and the unknown DOE officer entered the home with their guns drawn and pointed them at E.M. and Plaintiff J.M. and commanded them to move away from their fallen father and go back into the room.

33. Defendant WALLACE and the other DOE officer then commanded Lozano to return to her room. Lozano demanded the officers leave her grandchildren alone.

34. V. Montelongo had been instructed to remain outside before the officers entered the home. She was terrified that her brother and daughters had been shot by Defendant WALLACE. Consequently, she remained outside panicked and fear stricken.

35. J. Montelongo was transported to the Memorial Medical Center in Modesto shortly afterward for injuries he sustained from his encounter with Defendant WALLACE.

36. J. Montelongo suffered a single gunshot wound to his abdomen causing severe bodily injury including but not limited to: a right rib fracture, distal pancreatic injury, and acute respiratory failure. Lozano and all five minor children were terrified by being held at gunpoint inside their home and traumatized through their experience the shooting of their son, father, and uncle.

## DAMAGES

37. As a consequence of Defendants' violations of Plaintiffs' federal civil rights Under 42 U.S.C. §1983 and the Fourteenth Amendment, J. Montelongo was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him. Plaintiffs V. Montelongo, Lozano, E.M., J.M., Ali. M., Ala. M., and Ale. M. were seized inappropriately and suffered extreme emotional distress due to the violent and unlawful acts of Defendant WALLACE and DOE officer.

38. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. §1983)**
(All Plaintiffs against Defendants WALLACE, and DOES 1 through 25)

6

39. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 of this Complaint.

40. Defendants violated Plaintiff J. Montelongo's rights as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of force when Defendants shot him while he posed no immediate threat. Defendants also violated Plaintiffs Lozano, V. Montelongo, J.M., E.M., Ali. M., Ale. M., and Ala. M.'s rights as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures when they held the Plaintiffs within Lozano's home at gunpoint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. §1983)**
(All Plaintiffs against Defendants WALLACE and DOES 1 through 25)

41. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 of this Complaint.

42. Defendants' above-described conduct, wherein it is alleged that officers' detained Plaintiffs without reasonable suspicion, violated Plaintiffs' right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. §1983)**
(All Plaintiffs against Defendants WALLACE and DOES 1 through 25)

43. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct, wherein it is alleged that officers arrested Plaintiffs without probable cause violating their rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Fourteenth Amendment of the United States Constitution)

### (42 U.S.C. §1983)

(All Plaintiffs against Defendants WALLACE and DOES 1 through 25)

45. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 of this Complaint.

46. Plaintiffs were not afforded equal protection of the laws under the Fourteenth Amendment when Defendant WALLACE and DOES 1 through 25 used unreasonable use of force on Plaintiffs based on Plaintiffs' race.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE § 51.7)

(All Plaintiffs against Defendants WALLACE and DOES 1 to 25)

47. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint.

48. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants was motivated by prejudice against Plaintiffs. Plaintiffs are and were readily recognizable as Latino. Defendants' remarks of "You people just don't know how to listen to what I say" indicates a bias based on the racial identity of Plaintiffs. In engaging in such conduct, Defendant violated Plaintiffs' rights under *California Civil Code* § 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

49. Under the provisions of *California Civil Code* § 52(b), Defendants are liable for punitive damages for each violation of Civil Code § 51.7, reasonable attorney's fees and an additional $25,000.00 civil penalty.

50. As a proximate result of Defendants wrongful conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE § 52.1)

8

(All Plaintiffs against Defendants CITY, WALLACE, and DOES 1 to 25)

51.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 49 of this Complaint.

52.    The conduct of Defendants and DOES 1 through 25, inclusive, as described herein, acting in the course and scope of their employment for the City of Modesto Police Department, agency, and/or municipality violated *California Civil Code* § 52.1, in that they interfered with Plaintiff's exercise and enjoyment of their civil rights, through use of wrongful and excessive force.

53.    As a direct and proximate result of Defendants' violation of *California Civil Code* § 52.1, Plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

54.    Since this conduct occurred in the course and scope of their employment, Defendant CITY police department, agency, and or municipality is therefore liable to Plaintiffs pursuant to *respondeat superior*.

55.    Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h) and an additional $25,000.00 civil penalty.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

(Against Defendants WALLACE and DOES 1 through 25)

56.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 55 of this Complaint.

57.    Defendants' above-described conduct was extreme, unreasonable and outrageous.

58.    In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of defendants' conduct.

59.    Plaintiffs suffered extreme emotional distress which caused several symptoms including but not limited to: anxiety, depression, headaches, nightmares, nausea, and vomiting.

60.    As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants. Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

61. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages and exemplary damages in amounts to be determined according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
5. For injunctive relief enjoining Defendant department, agency, and/or municipality from authorizing, allowing, or ratifying the practice by any agent of Defendant department and/or agency from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
6. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

**LAW OFFICE OF JOHN BURRIS**

Dated: October 20, 2015      /s/ *John L. Burris*
                             JOHN L. BURRIS, Esq.,
                             Attorney for Plaintiffs